20635

The STATE, Respondent, v. Joe Austin HAMMOND, Jr., Appellant.

(242 S. E. (2d) 411)

*Eddie R. Harbin,* of Greenville, *for Appellant,*

*Daniel R. McLeod, Atty Gen., Brian P. Gibbes, Asst. Atty. Gen.,* of Columbia, and *William W. Wilkins, Jr., Sol.,* of Greenville, *for Respondent,*

March 13, 1978.

LITTLEJOHN, Justice:

The appellant, Joe Austin Hammond, Jr. (Hammond), was tried and convicted of possession of cocaine with intent to distribute and possession of gambling paraphernalia, in violation of § 32-1510.21, *et seq.,* Code of Laws of South Carolina (1962), *as amended,* (Supp. 1975), and in violation of § 16-515 of the 1962 Code. He appeals.

Hammond charges error on the part of the judge (1) in refusing to suppress evidence seized pursuant to a search warrant on the grounds that it was issued without probable cause; (2) in refusing to find that the arrest and search warrant were executed by officers without proper authority; (3) in permitting evidence of marijuana found on the prem-

ises to be introduced into evidence; (4) in permitting the State to reopen its case and introduce additional evidence after both sides had rested; and (5) in refusing to grant his motion for a directed verdict of acquittal.

On October 11, 1976, Officers Parsons and Chappelle, of the City of Greenville Police Department, appeared before Greenville County Magistrate Max Foster for the purpose of obtaining a search warrant. Based on information contained in Officer Parsons' affidavit relating a tip he had received from a confidential informant, a search warrant was issued for Hammond's residence and vehicles. Hammond's house was located in Greenville County, outside the Greenville city limits. Hammond was arrested that afternoon and a search of his house produced 305.5 grains of cocaine, and gambling paraphernalia.

Prior to trial, Hammond moved to vacate the search warrant, to suppress the use in evidence of all property seized, to hold the arrest illegal, and to produce the informant. The motions were denied and the case proceeded to trial.

Hammond advances two grounds in support of his contention that the issuance of the search warrant was invalid. He maintains, first, that since the place sought to be searched was outside of the city police officer's territorial jurisdiction, Officer Parsons was acting as a private citizen in applying for the search warrant. Since Officer Parsons was acting as a private citizen, rather than a police officer, Hammond argues that he should not have been issued a search warrant based on hearsay information from a confidential informant. He further argues that to uphold such a search warrant would encourage any law enforcement officer to obtain a search warrant outside of his territorial jurisdiction.

No cases are cited, nor have we discovered any, which support Hammond's contention that the search warrant was improvidently granted because the area

to be searched was outside of the applicant's jurisdiction. At the time Officer Parsons applied for the search warrant, he was acting in his official capacity as a peace officer having jurisdiction in the city, which is a portion of Greenville County. The issuing magistrate was empowered by statute to issue search warrants for searches to be conducted in Greenville County. We conclude that the fact that the place to be searched was outside of Officer Parsons' jurisdiction did not, in and of itself, render the search warrant invalid.

Secondly, Hammond argues that the search warrant was invalid because the affidavit upon which it was based failed to contain underlying circumstances necessary to enable the magistrate to judge the validity of the informant's tip. In *State v. Williams,* 262 S. C. 186, 203 S. E. (2d) 436 (1974), *cert. den.,* 419 U. S. 835, 95 S. Ct. 61, 42 L. Ed. (2d) 61 we recognized the test enunciated by the United States Supreme Court for determining probable cause in cases where the affidavit is based solely or substantially upon an informant's tip. See *Aguilar v. Texas,* 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. (2d) 723 (1964); *Spinelli v. United States,* 393 U. S. 410, 89 S. Ct. 584, 21 L. Ed. (2d) 637 (1969). An affidavit in support of a search warrant, when based entirely on the hearsay information of a confidential informant, must set forth facts which show that the informant is reliable, and the underlying factual circumstances which support the substance of the informant's tip.

The affidavit in the case at bar stated that the affiant "had been approached by a confidential informer who has stated to him that he has seen the use and sale of drugs at the above named location within the last 48 hours." The affidavit further recited that the affiant "has known this informer for a period of three years and this informer has furnished information in the past regarding known drug dealers, which has led to the arrest and conviction of these dealers in a court of law." We are of the opinion that the affidavit satisfied the minimum requirements of *Aguilar* and

*Spinelli,* and furnished facts sufficient to establish probable cause. Search warrants based on affidavits substantially identical to the one here have been upheld in the following cases: *State v. Singleton,* 33 N. C. App. 390, 235 S. E. (2d) 77 (1977); *Torres v. State,* 552 S. W. (2d) 821 (Tex. Cr. App. 1977); *State v. Albert,* 115 Ariz. 354, 565 P. (2d) 534 (App. 1977); *State v. Elzie,* 343 So. (2d) 712 (La. 1977); *People v. Mesa,* 14 Cal. (3d) 466, 121 Cal. Rptr. 473, 535 P. (2d) 337 (1975).

In support of his claim that the search warrant was executed and the arrest made by officers without proper authority, Hammond contends (1) that no county officers were present, and that the city police officers were therefore without authority to effect an arrest and execute a search outside of the Greenville city limits, and (2) that his arrest was unlawful because the officers lacked reasonable grounds to believe that he had committed a felony.

Hammond did not offer any evidence in defense. His affidavits and that of Donald Lee Boone, offered at the evidentiary hearing, averred that the county officers did not arrive until after the arrest was made and the search had begun.

The testimony offered by the State at the trial completely refutes Hammond's version of what took place. Officers Parsons, Chappelle and McCall of the Greenville City Police Department, and Deputy Carter of the Greenville County Sheriff's Department, each testified that Deputy Carter accompanied the officers to Hammond's house, and that he participated in the arrest and subsequent search. This evidence was for consideration by the judge and warranted his ruling that the arrest was lawful.

A factual situation similar to the one here existed in the case of *Kirby v. Beto,* 426 F. (2d) 258 (5th Cir. 1970), *cert. den.,* 400 U. S. 919, 91 S. Ct. 181, 27 L. Ed. (2d) 159. There, a search warrant was issued to officers of the Dallas, Texas, City Police Department, authorizing a search of

premises located in the city of Irving, Texas, outside of the Dallas city limits. The defendant argued that since the place to be searched was outside of the jurisdiction of the Dallas police officers, the execution of the search warrant constituted a denial of due process. The court held that the search warrant was executed by law enforcement officers with proper authority, since the Dallas police officers were accompanied by an Irving police officer who was present in the vicinity of the defendant's apartment at all times during the service and execution of the search warrant. See, also, *State v. Wise,* 90 N. M. 659, 567 P. (2d) 970 (App. 1977).

As for the propriety of the warrantless arrest, Officer Parsons testified that when the officers first arrived at Hammond's house, a truck was parked a few feet from a side door entrance. He testified that as they walked by the truck they smelled a strong odor of marijuana coming from an open vent. They then opened the truck and found 468 pounds of marijuana.[1] The State argues that the presence of the marijuana in a vehicle parked in Hammond's driveway justified the warrantless arrest. Hammond argues that the only evidence associating the truck with him was that it was parked in his driveway, and that this did not satisfy the probable cause requirements.

We have repeatedly held that an officer may lawfully arrest without an arrest warrant if he has reasonable grounds to believe that a felony has been committed and that the arrestee committed it. *State v. Bell,* 263 S. C. 239, 209 S. E. (2d) 890 (1974) *cert. den.* 420 U. S. 1008, 95 S. Ct. 1453, 43 L. Ed. (2d) 767; *State v. Thomas,* 248 S. C. 573, 151 S. E. (2d) 855 (1966). We think that the presence of the truck containing a large quantity of marijuana on Hammond's property, ostensibly under his control, together with the fact that the officers were there to search his premises for illegal narcotics, gave the officers sufficient probable cause to arrest him. See *State v. Singleton,* 258

---

[1] Hammond was separately indicted for the marijuana; the record does not reveal the disposition of the case.

S. C. 125, 187 S. E. (2d) 518 (1972). Hammond's arrest was lawful.

Hammond assigns error to the trial judge's decision to permit testimony concerning the marijuana which was found in the truck on his property. He argues that this was evidence of the commission of another crime independent of, and unconnected with, the one for which he was being tried, and was therefore inadmissible. *State v. Conyers*, 268 S. C. 276, 233 S. E. (2d) 95 (1977).

Although this is a close question, when considered with the fact that the officers were on Hammond's property to search for illegal drugs, we believe that the presence of the marijuana was logically relevant to the crime for which he was being tried, and was admissible to show motive or intent to distribute drugs. The fact that the marijuana was on Hammond's property and within his immediate control satisfies the requirement of *Conyers, supra*, that the offense be proved by clear and convincing evidence. This exception is overruled.

At the close of the State's case, counsel for Hammond announced that he would present no evidence. He then requested the judge to charge the jury in essence that a presumption might be drawn that a witness present in court, who did not testify and who had information relative to the case, if called, would have testified contrary to ". . . that which the State might have so desired." The trial judge indicated that the requested charge would be proper, but allowed the solicitor to reopen his case and present the officer's testimony, which was done over the objection of defendant's counsel. He now argues that the court erred in allowing the State to reopen the case.

We have held that the decision to allow a case to be reopened and additional evidence presented is a matter within the trial judge's discretion. *Chapman v. Associated Transport, Inc.*, 218 S. C. 554, 63 S. E. (2d) 465 (1951); *Gantt v. Belk-Simpson Co.*, 172 S. C. 353, 174 S. E. 1 (1934).

Since the additional testimony was merely corroborative of the previous testimony and presented no new evidence, we fail to see how Hammond could have been prejudiced thereby. This exception is overruled.

While the charge requested by counsel for the defendant has heretofore been deemed proper, it has been considered a rule of limited use. In *State v. Batson,* 261 S. C. 128, 198 S. E. (2d) 517 (1973), we said:

"Upon review of our own decisions, as well as authorities from other jurisdictions, we entertain grave doubts as to the propriety, in a criminal case, of the rule of an adverse inference from the failure to produce a material witness. Certainly, a charge of this proposition to a jury on behalf of either the State or the defense is not warranted except under most unusual circumstances, clearly within the purview of the principles quoted from *Davis v. Sparks,* . . . ."

In *Davis v. Sparks,* 235 S. C. 326, 111 S. E. (2d) 545 (1959), we said:

"Inference from the unexplained failure of a party to call an available witness that the testimony of such witness would have been unfavorable may be drawn only where, under all of the circumstances of the case, the failure to produce such witness creates suspicion of a wilful attempt to withhold competent testimony. Such suspicion is generally held not warranted where the material facts assumed to be within the knowledge of the absent witness have been testified to by other qualified witnesses. See annotation 135 A. L. R. 1375, *et seq.*"

In *Baker v. Port City Steel Erectors, Inc.,* 261 S. C. 469, 200 S. E. (2d) 681 (1973), we discussed the doctrine and in a concurring opinion alerted the bench and bar to our reservations relative to applying the doctrine as a charge to the jury in any case. While it is always proper for an attorney in argument to the jury to point out the failure of a party to call a witness, we have concluded that such a charge has no proper place in the judge's statement of the law. We

therefore hold, notwithstanding the previous rulings of this Court and the substantial authority to the contrary,[2] that this Court will not hereafter reverse a case, civil or criminal, because of the trial judge's failure to charge the presumption. We conclude that the charge, even in its limited and restricted uses, brings about more problems than solutions.

After both sides had rested, Hammond made a motion for a directed verdict of acquittal on the grounds that the State had to prove the material elements of the offenses for which he was charged. On appeal, Hammond pursues only his claim that there was no direct or positive evidence that he was in possession of the cocaine.

It is elementary that in determining whether the lower court should have granted a motion for a directed verdict of acquittal, the evidence must be viewed in the light most favorable to the State. In *State v. Chandler,* 267 S. C. 138, 226 S. E. (2d) 553 (1976), we said:

"When a motion for a directed verdict is made, the trial judge is concerned with the existence or nonexistence of evidence, not with its weight, and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there is evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. *State v. Wheeler,* 259 S. C. 571, 193 S. E. (2d) 515 (1972); *State v. Jordan,* 255 S. C. 86, 177 S. E. (2d) 464 (1970)."

Officer McCall testified that he found a quantity of cocaine in a chest of drawers in the master bedroom of Hammond's house. Handguns belonging to Hammond were found in the same chest of drawers. In addition, Officer McCall testified that there was a picture of Hammond on a dresser in the room where the cocaine was found. While this evi-

---

[2] 29 Am. Jur. (2d) *Evidence* §§ 180, 187-188; 2 Wigmore, *Evidence* §§ 285-290 (3rd Ed. 1940).

dence does not force the conclusion that Hammond owned the cocaine, we think that the jury could have reasonably inferred that Hammond was guilty of possession of cocaine with intent to distribute.

Accordingly, the judgment of the lower court is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.