1594

The STATE, Respondent v. Clifton David SCOTT, Appellant.

(400 S.E. (2d) 784)

Court of Appeals

*Assistant Appellate Defender Daniel T. Stacey of SC Office of Appellate Defense, Columbia, for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., and Norman Mark Rapoport, Columbia, and Sol. Joseph J. Watson, Greenville, for respondent.*

Heard Dec. 3, 1990.

Decided Jan. 7, 1991.

GOOLSBY, Judge:

The basic issue presented by Clifton David Scott in this appeal from his conviction for cocaine trafficking and unlawfully transporting drugs in a motor vehicle is whether the trial court erred in allowing in evidence a box of glassine or plastic

bags with their corners cut off, called "corner baggies," and a package of marijuana seeds. The police seized this evidence while searching Scott's home pursuant to a search warrant issued by a magistrate after Scott's arrest on a cocaine charge. Scott challenges the sufficiency of the search warrant's affidavit and the relevancy of the evidence to prove the charge of trafficking.[1] We affirm.

## I.

Scott argues the affidavit, which supported the search warrant and which the magistrate considered in issuing the warrant to search Scott's home for cocaine and related paraphernalia, "fails to articulate sufficient probable cause for the search." He complains "the evidentiary link . . . was too weak."

The affidavit, which the affiant based on his personal knowledge, reads:

> Affiant states that on 9-30-88, investigators of Greenville County Special Operations Units were in a position of surveillance on the above described residence. Clifton David Scott whom investigators were holding an arrest warrant for distribution of cocaine was observed leaving the residence, subsequent stop of the suspect revealed him to be in possession of in excess of 20 grams of white powder substance which field tested positive as cocaine. Investigators had visual contact with the Scott subject from the time he left his residence until the time of the stop.

Based on the totality of the circumstances outlined in the affidavit and considering the nature of the evidence sought and the type of offense involved, the magistrate, we think, made a practical, common sense decision that a fair probability existed that additional evidence regarding Scott's drug activities could be found in Scott's home. *See State v. Clifton,* ___ S.C.

---

[1] Scott does not argue anywhere in his brief, as he purports to do under Question No. 1, his second exception. This exception, which challenges the admission of the marijuana seeds and bags on the ground that their prejudicial nature outweighed their probative value, is deemed abandoned. *Sartor v. Ward,* 262 S.C. 398, 205 S.E. (2d) 1 (1974); *McGann v. Mungo,* 287 S.C. 561, 340 S.E. (2d) 154 (Ct. App. 1986).

___, 396 S.E. (2d) 831 (Ct. App. 1990) (wherein the court described the task of a magistrate in determining whether to issue a search warrant). "In the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Angulo-Lopez*, 791 F. (2d) 1394, 1399 (9th Cir. 1986). Scott's argument, therefore, is without merit.

## II.

Scott also argues the plastic bags and marijuana seeds ■ were irrelevant to the charge of trafficking in cocaine.

Officers charged Scott with possession of twenty grams of cocaine after they arrested him on an outstanding warrant for distribution of cocaine, placed him in the backseat of a police car, saw him moving around in the backseat, removed him from the car, and found in his hand a ball of aluminum foil containing a white powder, later identified as cocaine.

At trial, evidence given by two of the State's witnesses indicated plastic bags of the kind found when officers searched Scott's home are used in the sale of cocaine. Marijuana, including marijuana seeds, is, of course, a controlled substance. S.C. Code Ann. §§ 44-53-110 and 190(d)10 (1976).

Scott denied throughout the trial he had any cocaine at all, either for sale or for other purposes.

Before a person may be convicted of the offense of trafficking, the State must prove the person knowingly ■ possessed ten or more grams of cocaine. *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987). A person's " 'mere presence, where the drugs are present, would not be sufficient to convict, without more.' " *Id.* at 56, 362 S.E. (2d) at 632. Here, the plastic bags with their corners cut off and the marijuana seeds tended to prove Scott was more than "mere[ly] present" where cocaine was found. The evidence tended to prove that Scott knowingly possessed the cocaine that the officers testified they found in his hand.

The trial court, therefore, properly allowed the "corner baggies" and marijuana seeds in evidence. Ample authority supports its decision. *See State v. Hammond*, 270 S.C. 347, 242 S.E. (2d) 411 (1978) (the possession of marijuana is logically relevant to the defendant's possession of an intent to distribute cocaine); *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987) (because a jury could infer that a defendant was

using a pistol to protect the cocaine in her possession, the pistol was admissible to show knowledge of cocaine); see also *United States v. Hoelscher*, 914 F. (2d) 1527 (8th Cir. 1990) (a small quantity of marijuana and other drug related items are relevant and admissible to show a conspiracy to distribute cocaine); *United States v. Lindell*, 881 F. (2d) 1313 (5th Cir. 1989) *cert. denied*, ___ U.S. ___, 110 S. Ct. 2621, 110 L. Ed. (2d) 642 (1990) (evidence of the defendant's use of cocaine was admissible for purpose of showing a knowing possession of marijuana); *United States v. Haynes*, 881 F. (2d) 586 (8th Cir. 1989) (the defendant's conduct in marijuana sale was admissible to show involvement in cocaine sale was knowing); *United States v. Noibi*, 780 F. (2d) 1419 (8th Cir. 1986) (possession of marijuana and other drug related items is relevant and admissible to show the defendant knowingly possessed heroin); *United States v. Williford*, 764 F. (2d) 1493 (11th Cir. 1985) (evidence of the defendant's negotiation of a cocaine sale was admissible to show a knowing possession of marijuana); *United States v. Brooks*, 670 F. (2d) 625 (5th Cir. 1982) (evidence the defendant knew he possessed marijuana was admissible to show a knowing possession of cocaine); *Elliott v. State*, 168 Ga. App. 781, 310 S.E. (2d) 758 (1983) (evidence that marijuana was found in the defendant's home was admissible where the defendant was charged with possession of other controlled substances and dangerous drugs).

Affirmed.

SANDERS, C.J., and GARDNER, J., concur.