2503

The STATE, Respondent v. Wesley WREN, Appellant.

(470 S.E. (2d) 111)

Court of Appeals

*Assistant Appellate Defender, Lesley M. Coggiola,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,* and *Assistant Attorney General G. Robert DeLoach, III,* Columbia, and *Solicitor, David Price Schwacke,* North Charleston, *for respondent.*

Submitted Apr. 1, 1996.

Decided Apr. 22, 1996.

ANDERSON, Judge:

Wesley Wren appeals his conviction for trafficking in cocaine, claiming the trial court erred in admitting the drugs into evidence after the State had rested its case. We affirm.[1]

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

## FACTS/PROCEDURAL BACKGROUND

Wren was charged with trafficking in cocaine and possession of a controlled substance with intent to distribute within one-half mile of a school. The jury convicted him of trafficking in cocaine in excess of 100 grams, and acquitted him of the other charge.

At Wren's trial, the State presented testimony from Detective Ken Hagge of the North Charleston Police Department that on May 10, 1994, he and other "plain-clothes" officers were at the train station "doing routine drug interdiction." Officers Ken Hagge and Ronald Chase observed Wren and a companion exit a train from Miami. The officers followed Wren and the other person to the front of the train station, where Hagge approached Wren and asked to speak with him. With Wren's consent, Hagge searched his tote bag and found a glass beaker containing what he believed to be cocaine. During his testimony, Hagge identified the glass beaker as well as the powdered substance he remove from it. Hagge averred he weighed the substance at the police station, and the total weight was about 114 grams, 4 ounces. Hagge further testified the field test he performed on the substance revealed a positive reaction for cocaine.

Detective Ronald G. Chase described Wren's arrest. He witnessed Hagge pull the glass beaker from Wren's bag and "inside the beaker was cocaine."

Officer Larry Harmon transported the drugs from the evidence locker to SLED for testing and then back to the evidence locker after testing.

SLED agent Rosalyn White tested and weighed the substance seized from Wren and found it to be 106.38 grams of cocaine.

After the State presented its case and rested, the judge sent the jury to the jury room. The following colloquy then occurred:

> JUDGE: All right. The jury is now outside the presence of the Court.
> SOLICITOR: Sir, I forgot to move the drugs into evidence. I ask that I be allowed to do so when the jury comes back out?
> JUDGE: Any objection?

COUNSEL: We will object for the record. The State closed their case and I think they should be held to that.

JUDGE: They did, but I think counsel recognizes there has been testimony of it and if there is no other objection other than that, I'm going to allow its admission at this time.

The Court admitted the drugs into evidence over Wren's objection. Defense counsel made a directed verdict motion, which was denied.

The judge brought the jury back into the courtroom, and allowed the solicitor to move, in their presence, to have the drugs admitted into evidence:

SOLICITOR: Your Honor, if you please, I would like to move State's Exhibit No. 4 into evidence. I don't recall whether I did it before we closed our case, but I would like to do that at this point.

The defense rested without presenting evidence.

### LAW/ANALYSIS

Wren argues the trial court erred in admitting the drugs into evidence after the State rested its case.

Simplistic as it may seem, the imbroglio posited within this singular trial issue is an oft-occurring event. What authority is vested in the trial judge to reopen the evidentiary record after the State has rested?

For the edification of the Bench and Bar, we encapsulate the rule enunciated in *State v. Humphery*, 276 S.C. 42, 274 S.E. (2d) 918 (1981); *State v. Hammond*, 270 S.C. 347, 242 S.E. (2d) 411 (1978); and *State v. Harrison*, 236 S.C. 246, 113 S.E. (2d) 783 (1960).

A motion to reopen the evidentiary record and to allow additional evidence is addressed to the sound discretion of the trial judge. His ruling will not be reversed absent an abuse of discretion. A trial is a search for the truth; concomitantly, liberality is the linchpin of the rule.

*See State v. Humphery, supra; State v. Hammond, supra; State v. Harrison, supra.*

Next, Wren contends the State had not established the *corpus delicti* of the drug offense when it rested. He points to Rule 61, SCRCP, to complain the actions of the trial judge were inconsistent with substantial justice. The Rules of Civil Procedure apply to "... every trial court of civil jurisdiction within this State...." Rule 81, SCRCP. Because this was a criminal case, the Rules of Civil Procedure were not applicable.

As of September 3, 1995, Rule 103 of the South Carolina Rules of Evidence[2] would govern this issue. Rule 103(a)(1) provides:

### Rulings on Evidence

(a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context....

In the Case *sub judice*, the State introduced extensive testimony concerning the search, the seizure of the cocaine, the defendant's arrest, the chain of custody, and the chemical testing which confirmed that the substance was cocaine. Furthermore, during the trial, the State introduced Wren's tote bag and glass beaker into evidence without objection. In light of this additional evidence of drugs, the trial court's admission of the drugs into evidence after the State rested its case did not affect a substantial right of the defendant.

Applying the rule as articulated herein, the trial court did not abuse its discretion in admitting the drugs into evidence after the State rested.

Affirmed.

CURETON and GOOLSBY, JJ., concur.

---

[2] Rule 1101(b), SCRE, provides: "These rules apply generally to ... criminal cases and proceedings...."