588 S.E.2d 145

**The STATE, Respondent,**

v.

**Billy Jason KEITH, Appellant.**

**No. 3682.**

Court of Appeals of South Carolina.

Submitted Sept. 8, 2003.

Decided Oct. 20, 2003.

Assistant Appellate Defender Robert M. Pachak, of the Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.

GOOLSBY, J.

Billy Jason Keith appeals his convictions for possession of methamphetamine, cocaine, and ketamine arguing there was insufficient probable cause to issue the search warrant that led to the seizure of illegal drugs from his home and the trial court therefore erred in admitting the evidence obtained during the search. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

On or about July 25 or 26, 2001, Officer Marvin Brown, an investigator with the multi-jurisdictional Drug Enforcement Unit (DEU) of the Sixteenth Circuit Solicitor's Office, received information from Columbia Drug Enforcement Agency (DEA) Agent Richard Freeman that Appellant Billy Jason Keith had a large quantity of marijuana at his residence. Brown testified that he has known Freeman for several years and he is "comfortable" with him. An unidentified informant gave Freeman the information and it was specific as to Keith's name and address.

Also, during the same period of time, two additional sources informed Officers Lubben and Parrish that Keith had a quantity of drugs at his home. Brown saw the informants speaking with Lubben and Parrish, but did not know the identity or reliability of the informants. Additionally, within the month, Brown listened to a recorded telephone call a confidential informant made from the police department to Keith's house in which the informant spoke with a person believed to be Keith's mother about a marijuana transaction.

Based upon this information, Brown ordered an investigative surveillance of Keith's residence on Ebinport Road in Rock Hill, South Carolina. Officers McCarley, Lubben, and Graham conducted the surveillance directly across the street from Keith's home beginning shortly after 10:00 p.m. on July 27, 2001. During the surveillance, officers observed an unidentified individual approach Keith's residence. The officers heard a knock and saw a light go on and off, but heard no response. The individual left the residence without entering and was intercepted by the officers when he crossed the street. McCarley testified the individual told him he knew Keith and that Keith's residence "was a place he could get something to speed him up." No drugs were found on the individual and his identity was not recorded. This information was communicated to Brown.

While questioning the individual, officers observed a vehicle pull away from Keith's residence. The vehicle was one Keith was known to drive. The officers immediately followed the vehicle and stopped it for having an expired tag. Keith was driving the car and Heidi Jones was located in the front

passenger seat. Keith consented to a search of the car. Officers found a distinctive marijuana bud in the ashtray and a pipe containing marijuana residue in the glove box. Neither Keith nor Jones admitted ownership of the bud or pipe, and both were arrested.

The surveillance officers communicated with Officer Brown about the discovery of marijuana in the vehicle after it was seen leaving Keith's home. Brown prepared an affidavit and appeared before a magistrate to obtain a warrant to search Keith's home. Brown also presented detailed supplemental oral testimony to the magistrate under oath respecting the surveillance of Keith's residence; the observations of and interview with the unidentified individual at Keith's home; his long-term relationship with Freeman; and the reports from unidentified informants conveyed to him by Freeman, Lubben, and Parrish, as well as his own observations during the informant's telephone conversation, all as related above.

A search warrant was issued and officers immediately executed the warrant. The search of Keith's residence yielded marijuana buds similar to the marijuana found in Keith's vehicle; methamphetamine, cocaine, and ketamine residue; and two digital scales.

In a pretrial suppression hearing, Keith argued the illegal drug evidence seized from his home should have been excluded because there was insufficient probable cause to issue the search warrant. The court denied the motion to suppress, finding the totality of the circumstances sufficient to establish probable cause for the issuance of the search warrant. Specifically, the trial court concluded the surveillance, stop, and seizure of illegal drugs from Keith's car, viewed in context with the other information provided to the magistrate in the affidavit and in oral sworn testimony was sufficiently corroborative to establish reliability and support a finding of probable cause. Keith renewed his objection to admission of the evidence at trial, and the objection was overruled.

Keith was convicted on all charges in a bench trial and was sentenced to two years incarceration and a $500 fine, suspended to $300 and five years probation for possession of methamphetamine; two years suspended to five years probation for

possession of cocaine; and six months suspended to five years probation for possession of ketamine. This appeal follows.

## ISSUE

Was the affidavit in support of the search warrant sufficient to support probable cause to issue a search warrant to search Keith's home for illegal drugs?

## STANDARD OF REVIEW

"[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis' for ... conclud[ing] that probable cause existed." [2] "This review, like the determination by the magistrate, is governed by the 'totality of the circumstances' test." [3] On review, great deference should be given to a magistrate's determination of probable cause.[4]

## LAW/ANALYSIS

On appeal, Keith argues the search warrant affidavit was insufficient to support a finding of probable cause because it contained hearsay and conclusory statements and failed to establish informant reliability. He asserts the trial court erred in refusing to suppress the evidence seized as a result of the warrant. We disagree.

"A search warrant may issue only upon a finding of probable cause." [5] "This determination requires the magistrate to make a practical, common-sense decision of whether, given the totality of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons

2. *State v. Weston*, 329 S.C. 287, 291, 494 S.E.2d 801, 803 (1997) (citing *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

3. *State v. King*, 349 S.C. 142, 148, 561 S.E.2d 640, 643 (Ct.App.2002) (citing *State v. Jones*, 342 S.C. 121, 536 S.E.2d 675 (2000)).

4. *Weston*, 329 S.C. at 290, 494 S.E.2d at 802; *State v. Driggers*, 322 S.C. 506, 510, 473 S.E.2d 57, 59 (Ct.App.1996).

5. *State v. Tench*, 353 S.C. 531, 534, 579 S.E.2d 314, 316 (2003); *Weston*, 329 S.C. at 290, 494 S.E.2d at 802.

supplying information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." [6]

■ The affidavit prepared by Brown provides:

The affiant, a sworn police officer with several years narcotics investigations, has received information that a Billy Jason Keith is using and selling marijuana at & from his residence at 2401 Ebinport Rd., Rock Hill, S.C. This information was received within the past 72 hours from DEA Agent Richard Freeman of Columbia, S.C. Also, within the past 72 hours, the DEU, Officer Lubben and Parrish received information from two sources of Keith using and selling drugs from his residense [sic]. Offices [sic] have personal knowledge of Keith & his residence on Ebinport Rd. Furthermore, on this date, officers of the DEU conducting surveillance at the residence observed Keith leave the residence & approached Keith after leaving & lawfully recovered marijuana from Keith's 2000 Nissan.

We find the portion of the affidavit relating to the investigative surveillance, stop, and seizure of illegal drugs from Keith's car standing alone sets forth sufficient information to support a probable cause finding in this case. In *State v. Scott*,[7] officers were surveilling Scott's residence when they observed Scott leaving in his vehicle. The officers immediately followed and stopped the car to serve an outstanding warrant for Scott's arrest for distribution of cocaine. A search of Scott's car yielded in excess of 20 grams of cocaine. A search warrant for Scott's home was issued upon an affidavit reflecting these facts. The affidavit also indicated law enforcement officers maintained visual contact with Scott from the time he left his residence until he was stopped. Scott asserted the affidavit supporting the search warrant failed to articulate sufficient probable cause. We determined the affidavit articulated sufficient probable cause for the search warrant, considering the totality of the circumstances outlined in

---

6. *King*, 349 S.C. at 150, 561 S.E.2d at 644.

7. 303 S.C. 360, 400 S.E.2d 784 (Ct.App.1991).

the affidavit, the nature of the evidence sought, and the type of offense involved.[8]

Similarly, we find the information contained in Brown's affidavit relating the stop and seizure of illegal drugs from Keith's car provided a sufficient basis for the determination of probable cause under the totality of the circumstances, and it is not necessary to consider Keith's argument concerning lack of informant reliability.[9] The affidavit outlined the investigative surveillance of Keith's home, the officers' observation of Keith's vehicle as it left the residence, the lawful stop, and discovery of marijuana. It also appears from a reading of the affidavit that, as in *Scott,* the officers maintained visual contact with Keith from the time he left his residence until he was stopped.

In view the totality of the circumstances and considering the nature of the evidence sought, the type of offense involved, and experience of the officer involved, we find the magistrate made a practical, common-sense determination that a fair probability existed that evidence of a crime would be found in Keith's home.[10] We find a common sense and logical interpretation of the affidavit accompanying the search warrant in this case and the deference, which must be accorded the magistrate, overcomes any asserted deficiency.[11]

## *CONCLUSION*

Based upon the totality of the circumstances, we conclude the search warrant was properly issued and the trial court

---

8. *Id.* at 362, 400 S.E.2d at 786.

9. *See* Rule 220(c), SCACR (stating this court may affirm the trial court on any ground appearing in the record).

10. *See State v. Dupree,* 319 S.C. 454, 459, 462 S.E.2d 279, 282 (1995) ("The 'experience of a police officer is a factor to be considered in the determination of probable cause.'" (quoting *United States v. Fisher,* 702 F.2d 372, 378 (2d Cir.1983))); *see also Scott,* 303 S.C. at 362, 400 S.E.2d at 786 ("In the case of drug dealers, evidence is likely to be found where the dealers live." (quoting *United States v. Angulo–Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986))).

11. *State v. Livingston,* 282 S.C. 1, 6, 317 S.E.2d 129, 132 (1984).

correctly admitted the evidence obtained as a result of the search.

**AFFIRMED.**

HUFF and BEATTY, JJ., concur.