THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Eric Dantzler, Appellant.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2011-UP-343
 Submitted June 1, 2011  Filed June 29,
2011    

AFFIRMED

 
 
 
 Appellate
 Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney
 General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy
 Attorney General Christina J. Catoe, all of Columbia; and Solicitor J. Gregory
 Hembree, of Conway, for Respondent.
 
 
 

PER
 CURIAM: Eric Dantzler appeals his conviction for trafficking in cocaine in excess of ten
 grams but less than twenty-eight grams.  On appeal, Dantzler contends the trial
 court erred in denying his motion for a directed verdict because the State
 failed to prove Dantzler exercised dominion and control over the area where the
 drugs were found.  We disagree.
"When ruling on a
 motion for a directed verdict, the trial court is concerned with the existence
 or nonexistence of evidence, not its weight."  State v. Weston, 367
 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  "A defendant is entitled to a
 directed verdict when the State fails to produce evidence of the offense
 charged."  Id.  "When reviewing a denial of a directed
 verdict, [an appellate court] views the evidence and all reasonable inferences
 in the light most favorable to the [S]tate."  Id.  "If there
 is any direct evidence or any substantial circumstantial evidence reasonably
 tending to prove the guilt of the accused, the [appellate court] must find the
 case was properly submitted to the jury."  Id. at 292-93, 625
 S.E.2d at 648.  "Before a person may be convicted of the offense of
 trafficking, the State must prove the person knowingly possessed ten or more
 grams of cocaine.  A person's mere presence, where the drugs are present, would
 not be sufficient to convict, without more."  State v. Scott, 303
 S.C. 360, 363, 400 S.E. 2d 784, 786 (Ct. App. 1991) (internal citation and
 quotation marks omitted).  
The State
 produced evidence of Dantzler's dominion and control over the vehicle and glove
 box where the drugs were found: Dantzler was seated in the front passenger seat
 at the time of the traffic stop, approximately one foot from the glove box
 containing the cocaine. He was unusually nervous and agitated while the police
 considered towing and taking inventory of the vehicle, he made repeated attempts
 to control the disposition of the vehicle, and he fled immediately upon seeing
 the glove box opened.  Thus, viewing the evidence in the light most favorable
 to the State, the evidence supported submitting the case to the jury.
AFFIRMED.[1]
SHORT, KONDUROS,
 and GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 214, SCACR.