THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Dorlisa T.
 Breazeal-Young, Appellant.
 
 
 

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2011-UP-488
 Submitted October 1, 2011  Filed October
31, 2011    

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey Durant,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia;
 and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Dorlisa T. Breazeal-Young
 appeals her conviction for breach of trust greater than five thousand dollars,
 arguing the trial court erred in admitting into evidence receipt books listed
 on the return to the search warrant of her home as miscellaneous documents in a
 black bag.  We affirm[1] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities: State
 v. Pagan, 369 S.C. 201, 208, 631
 S.E.2d 262, 265 (2006) (stating "[t]he admission of evidence is within the
 discretion of the trial court and will not be reversed absent an abuse of
 discretion," which "occurs
 when the conclusions of the trial court either lack evidentiary support or are
 controlled by an error of law"); S.C. Code Ann. § 17-13-140 (2003)
 (commanding the officer executing a warrant issued under this section to "make
 and deliver a signed inventory of any articles seized by virtue of the warrant,
 which shall be delivered to the judicial officer to whom the return is to be
 made");  State v. Corns, 310 S.C. 546, 552, 426 S.E. 2d 324, 326
 (Ct. App. 1992) (holding the listing on a return of the items seized pursuant
 to a search warrant is a ministerial act); State v. Weaver, 374 S.C.
 313, 323, 649 S.E.2d 479, 484 (2007) (finding "the State's failure to
 comply with the statutory ministerial requirement does not void the warrant and
 the evidence can not be excluded on this ground" absent a showing of
 prejudice caused by this failure).  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.