**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James R. Eubanks, Appellant.

Appellate Case No. 2010-154086

—————————

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

—————————

Unpublished Opinion No. 2012-UP-602
Heard October 17, 2012 – Filed November 7, 2012

—————————

**AFFIRMED**

—————————

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor Barry J. Barnette, of Spartanburg, for Respondent.

—————————

**PER CURIAM:**  James R. Eubanks appeals his conviction for trafficking cocaine in an amount between 200 and 400 grams.  On appeal, Eubanks argues that the trial court erred in failing to suppress drug evidence seized from his residence and outbuilding pursuant to a defective search warrant.  Specifically, Eubanks asserts that (1) the search warrant was not supported by probable cause, and (2) the affidavit in support of the search warrant was misleading and demonstrated a reckless disregard for the truth in violation of *Franks v. Delaware*, 438 U.S. 154 (1978).  We affirm.

1. As to whether the search warrant affidavit presented to the magistrate was misleading and demonstrated a reckless disregard for the truth, we find this issue is not preserved for appellate review.  At trial, Eubanks moved to quash the search warrant solely on the ground that the affidavit in support of the search warrant did not contain sufficient information to support probable cause.  Eubanks did not assert to the trial court that false information was recklessly included in the affidavit, nor did he assert that exculpatory information was recklessly omitted from the affidavit.  *See State v. Davis*, 354 S.C. 348, 360-61, 580 S.E.2d 778, 784-85 (Ct. App. 2003) (holding *Franks* issue was not preserved for review when the defendant did not assert below that false information was intentionally or recklessly included in the affidavit and the trial judge made no ruling on that issue); *see also State v. Rutledge*, 373 S.C. 312, 318, 644 S.E.2d 789, 792 (Ct. App. 2007) ("There is a presumption of validity with respect to the affidavit supporting the search warrant.") (quoting *Franks v. Delaware*, 438 U.S. at 171); *State v. Missouri*, 337 S.C. 548, 554, 524 S.E.2d 394, 397 (1999) (stating a defendant's attack on a search warrant must include "allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof").

2. As to whether the search warrant was supported by probable cause, we find the magistrate had a substantial basis for concluding probable cause existed.  *See State v. Bellamy*, 336 S.C. 140, 144, 519 S.E.2d 347, 348 (1999) (stating a magistrate may issue a search warrant only upon a finding of probable cause); *State v. Weston*, 329 S.C. 287, 290, 494 S.E.2d 801, 802 (1997) ("A reviewing court should give great deference to a magistrate's determination of probable cause."); *State v. Dupree*, 354 S.C. 676, 683, 583 S.E.2d 437, 441 (Ct. App. 2003) ("An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding probable cause existed.  This review, like the determination by the magistrate, is governed by the 'totality of the circumstances' test." (citations omitted)).  In this case, the search warrant affidavit stated a confidential informant (CI) had recently observed the sale

of cocaine at Eubanks's residence and "[i]n the past [CI] has observed quantities of cocaine being stored inside the residence."  The affidavit further provided, "[CI] has provided information to the Spartanburg County Sheriff's Office in the past that has led to the arrest of subjects and the confiscation of illegal contraband." *See Dupree*, 354 S.C. at 689, 583 S.E.2d at 444 (stating that if a controlled buy is properly conducted "it alone can provide facts sufficient to establish probable cause for a search warrant"); *id.* at 691, 583 S.E.2d at 445 (stating evidence of a drug transaction supports an "inference that more will be found at the place of operation"); *Davis*, 354 S.C. at 356, 580 S.E.2d at 782 (stating a magistrate may find probable cause exists if there is a fair probability that contraband will be found in a particular place); *State v. Scott*, 303 S.C. 360, 363, 400 S.E.2d 784, 786 (Ct. App. 1991) ("In the case of drug dealers, evidence is likely to be found where the dealers live."); *see also State v. Hammond*, 270 S.C. 347, 352-53, 242 S.E.2d 411, 414 (1978) (finding an affidavit was sufficient to establish probable cause when the affiant had been told by a confidential informant that the informant had recently observed the use and sale of drugs "at the above named location" and had provided information in the past that had led to arrests and convictions). Accordingly, we hold the trial court did not err in refusing to suppress the drug evidence seized from Eubanks's residence and outbuilding.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**