**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerome Smith, Appellant.

Appellate Case No. 2021-000788

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

Unpublished Opinion No. 2023-UP-343
Submitted October 1, 2023 – Filed October 25, 2023

**AFFIRMED**

Benjamin Allen Stitely and Jason Thomas Yonge, both of Williams, Stitely & Brink, PC, of Lexington, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:**  Jerome Smith appeals his conviction for trafficking in heroin and sentence of twenty-five years' imprisonment.  Smith argues the trial court erred in denying his motion to suppress evidence seized from his home because the search warrant used stale information and lacked a sufficient nexus between the heroin sought and Smith's apartment.  We affirm pursuant to Rule 220(b), SCACR.

SLED agents watched Smith leave his apartment, followed him to a local store, and watched a man get in and then subsequently out of Smith's van.  Agents discovered heroin in that man's possession, and he informed agents that Smith sold him heroin that day and on numerous previous occasions.  After providing this information in an affidavit to a magistrate, the agents obtained a search warrant to search Smith's apartment for drugs.  The totality of the circumstances of the facts set forth in the affidavit establish a fair probability that contraband or evidence of the sale of heroin would have been found in Smith's apartment.  *See State v. Frasier*, 437 S.C. 625, 633-34, 879 S.E.2d 762, 766 (2022) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis. This dual inquiry means we review the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion . . . is a question of law subject to de novo review."); *State v. Davis*, 354 S.C. 348, 355, 580 S.E.2d 778, 782 (Ct. App. 2003) (explaining that a reviewing court should give great deference to a magistrate's determination of probable cause); *State v. Rodriquez*, 323 S.C. 484, 490, 476 S.E.2d 161, 165 (Ct. App. 1996) ("Generally, police seizures are *per se* unreasonable within the meaning of the Fourth Amendment unless such seizures are accomplished pursuant to judicial warrants issued upon probable cause."); *State v. Dupree*, 354 S.C. 676, 685, 583 S.E.2d 437, 442 (Ct. App. 2003) ("The magistrate's task in determining whether to issue a search warrant is to make a practical, common sense decision concerning whether, under the totality of the circumstances set forth in the affidavit, . . . there is a fair probability that contraband or evidence of a crime will be found in the particular place to be searched."); *State v. Thompson*, 419 S.C. 250, 257, 797 S.E.2d 716, 719 (2017) ("If no supplemental oral testimony is taken, an issuing judge's probable cause determination is limited to the four corners of the search warrant affidavit."); *State v. Corns*, 310 S.C. 546, 550, 426 S.E.2d 324, 326 (Ct. App. 1992) ("It is true that a probable cause affidavit must state facts so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time."); *Thompson*, 419 S.C. at 257, 797 S.E.2d at 719-20 ("The appellate courts of this state have routinely held that information contained in an affidavit providing a timely and direct nexus between the contraband sought and the location to be searched—e.g., *inter alia*, specific details of surveillance of a suspect conducting a drug transaction immediately upon leaving a residence—is sufficient to support a

search warrant."); *State v. Scott*, 303 S.C. 360, 362-63, 400 S.E.2d 784, 785-86 (Ct. App. 1991) (upholding search warrant of defendant's home when affidavit stated officers had visual contact with defendant from time he left his residence until the time of the traffic stop and drugs were uncovered on defendant at stop); *State v. Keith*, 356 S.C. 219, 225, 588 S.E.2d 145, 148 (Ct. App. 2003) (affirming decision of trial court to admit drug evidence seized pursuant to a search warrant for defendant's residence where the following facts established probable cause: informants' tips regarding drug transactions at the defendant's home; surveillance by law enforcement; and a traffic stop of the defendant after leaving his residence that revealed the presence of a marijuana in the defendant's vehicle).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.