**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Maxie Paul Wagner, Appellant.

Appellate Case No. 2022-000658

———————————

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-069
Submitted February 1, 2024 – Filed March 6, 2024

———————————

**AFFIRMED**

———————————

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————————

**PER CURIAM:** Maxie Paul Wagner appeals his convictions for possession with intent to distribute methamphetamine and trafficking cocaine, 28 to 100 grams, along with his concurrent sentences of twelve years' imprisonment for each

conviction. On appeal, Wagner argues the trial court erred when it denied his pretrial motion to suppress. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by denying Wagner's request to suppress evidence because we find the officer's knowledge of Wagner's violation of section 56-10-240(B) of the South Carolina Code (2018) was not stale. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court's] ruling if there is *any* evidence to support the ruling."); S.C. Code Ann. § 56-10-240(A) (2018) (stating that if "a motor vehicle is or becomes an uninsured motor vehicle, then the vehicle owner immediately shall obtain insurance on the vehicle or within five days after the effective date of cancellation or expiration of his liability insurance policy"); *State v. Woodruff*, 344 S.C. 537, 546, 544 S.E.2d 290, 295 (Ct. App. 2001) ("A police officer may stop and briefly detain and question a person for investigative purposes . . . when the officer has a reasonable suspicion supported by articulable facts . . . that the person is involved in criminal activity."); *State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) ("Violation of motor vehicle codes provides an officer reasonable suspicion to initiate a traffic stop."). The officer testified he learned of the traffic violation from another officer and, based on that information, initiated the traffic stop on Wagner twelve days later. This court and our supreme court have considered, and rejected, staleness arguments in the context of evidence used to support probable cause for a search warrant. *See State v. Simmons*, 430 S.C. 1, 13-14, 841 S.E.2d 841, 851 (2020) (finding seven-month-old information was sufficient to provide probable cause for a search warrant); *State v. Corns*, 310 S.C. 546, 550-51, 426 S.E.2d 324, 326 (Ct. App. 1992) (finding a lapse of sixty days sufficed for probable cause in the search warrant). Because the reasonable suspicion required for a traffic stop is a less rigorous standard than probable cause, and because the time lapse at issue here was only twelve days, we similarly reject Wagner's staleness claim. We further hold that even if the suspension was temporary and the suspension could have been remedied under the statute, Wagner did not cure the violation and failed to provide any evidence that the matter could have been fully resolved within the twelve-day period. *See* § 56-10-240(B) (failing to provide a specific time frame for which a suspended license plate may be reinstated unless the vehicle was "actually insured" and the Department of Motor Vehicles issued the suspension in error). Accordingly, we hold the trial court did not err in finding the information was not stale; thus, the trial court did not err in denying the motion to suppress.

**AFFIRMED.**[1]

**WILLIAMS, C.J., KONDUROS, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.