646 S.E.2d 171

**The STATE, Respondent,**

v.

**Omar Sharitt GENTILE, Appellant.**

**No. 4244.**

Court of Appeals of South Carolina.

Submitted April 2, 2007.

Decided May 8, 2007.

Rehearing Denied June 28, 2007.

508

Chief Attorney Joseph L. Savitz, III, Commission of Indigent Defense, of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.

BEATTY, J.

A circuit court judge, during a bench trial, convicted Omar Gentile of trafficking in cocaine and possession with intent to distribute cocaine within proximity of a school. Gentile asserts the judge erred in denying his motion to suppress the drug evidence on the ground the search warrant was not supported by probable cause. We reverse.[1]

## FACTS

At approximately 9:45 p.m. on July 10, 2004, officers with the narcotics division of the Charleston Police Department

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

forcibly executed a search warrant for Gentile's residence in Charleston. Pursuant to the search, the officers seized one plastic bag containing 24.34 grams of cocaine and $988 in cash from Gentile's person. The officers also discovered six plastic bags containing 2.14 grams of cocaine. Gentile ultimately admitted that the drugs belonged to him. As a result, a Charleston County grand jury indicted Gentile for trafficking in cocaine and possession with intent to distribute cocaine within proximity of a school.

Prior to his bench trial, Gentile filed a written motion to suppress all evidence seized from his residence. In his motion, Gentile argued there was no probable cause to support the issuance of the search warrant. During the trial, the court reviewed the search warrant and accompanying affidavit and heard testimony from the officers involved in the search.

The affidavit in support of the search warrant provided in pertinent part:

> Investigators recieved [sic] information of narcotic activity at 23 Cleveland ST Apartment A. Investigators conducted periodic surveillance on 23 Cleveland ST and observed a black male enter the residence. Black male subject was observed leaving the residence. Subject was stopped by narcotic investigators and recovered approximately 4.0 grams of marijuana. Subject made no stops from time of leaving residence until stopped by investigators. Based on above information, there is probable cause to believe narcotics (marijuana) and proceeds from narcotic sales to be stored inside 23 Cleveland ST Apartment A., Charleston, South Carolina.

Officer George Bradley, the officer who procured the warrant from the magistrate, testified regarding his affidavit as well as the oral testimony he gave to the magistrate. According to Bradley, the Charleston Police Department received citizen complaints regarding suspected narcotics traffic at Gentile's residence. Bradley testified the citizens claimed to have witnessed heavy foot traffic "in and out of the residence, later in the afternoon up until the wee morning hours." As a result of these tips, Bradley and Officer Steven Sierko conducted surveillance of the residence. Bradley testified they observed "several black males entering and leaving the resi-

dence, walking in, being in there less than five minutes." Bradley alerted officers in a nearby unmarked patrol car regarding one particular visitor. Corporal Andre Jenkins followed the visitor's vehicle as it left the residence and then conducted a traffic stop for an obstructed license plate. Jenkins arrested the driver of the vehicle after he refused to produce his driver's license and then engaged in a physical altercation. A search of the driver's person revealed two bags of marijuana.

After this arrest, Corporal Jenkins contacted Bradley to inform him that he believed there was probable cause for a search warrant based on the officers' observations regarding the traffic at the residence and the subsequent arrest of one of the visitors. Jenkins also testified that he established his belief on the citizen tips regarding the traffic at the residence as well as the complaint of one citizen who claimed she smelled marijuana in the vicinity of the residence.

Based on the citizen tips, his observations during the surveillance, the arrest of one of the visitors, as well as his experience, Bradley believed narcotics transactions were being conducted at Gentile's residence. Bradley testified he presented this information to the magistrate who ultimately signed the warrant for the search of Gentile's residence.

At the conclusion of the suppression hearing testimony, Gentile's counsel reiterated his motion to suppress. He asserted the search warrant was invalid because there was no probable cause. Specifically, he claimed there was no independent verification of what transpired within Gentile's residence. Instead, counsel averred the citizen complaints, the officers' observations, and the arrest were a series of unrelated events that did not support a finding of probable cause. The judge denied the motion, finding the search warrant was properly issued based on the totality of the circumstances. Although the judge recognized that there was no "indication with regards to the reliability of the informant information," he found the officers did not seek a warrant solely on this information. Instead, the judge found significant that the warrant was procured based on the officers' "own investigation, through their own observations ... which through their

experience as narcotics officers for several years have proven to indicate the presence of drug activity."

The judge convicted Gentile of trafficking in cocaine and possession with intent to distribute cocaine within proximity of a school. He sentenced Gentile to twenty-five years imprisonment for the trafficking offense and a concurrent, ten-year sentence for the other offense. Gentile appeals his convictions and sentences.

## STANDARD OF REVIEW

██ "In criminal cases, the appellate court sits to review errors of law only." *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). We are bound by the trial court's factual findings unless they are clearly erroneous. *State v. Quattlebaum*, 338 S.C. 441, 452, 527 S.E.2d 105, 111 (2000). "A deferential standard of review likewise applies in the context of a Fourth Amendment challenge to a trial court's fact-driven affirmation of probable cause." *State v. Thompson*, 363 S.C. 192, 199, 609 S.E.2d 556, 560 (Ct.App.2005).

## DISCUSSION

Gentile argues the judge erred in denying his motion to suppress because the search warrant was not supported by probable cause. We agree.

██ The Fourth Amendment guarantees "[t]he right of the people to be secure ... [from] unreasonable searches and seizures." U.S. Const. amend. IV. "In parallel with the protection of the Fourth Amendment, the South Carolina Constitution also provides a safeguard against unlawful searches and seizures." *State v. Forrester*, 343 S.C. 637, 643, 541 S.E.2d 837, 840 (2001); S.C. Const. art. I, § 10. Evidence obtained in violation of the Fourth Amendment is inadmissible in both state and federal court. *Forrester*, 343 S.C. at 643, 541 S.E.2d at 840.

██ A magistrate may issue a search warrant only upon a finding of probable cause. *State v. Bellamy*, 336 S.C. 140, 143, 519 S.E.2d 347, 348 (1999). "This determination requires the magistrate to make a practical, common-sense decision of whether, given the totality of the circumstances set forth in

the affidavit, including the veracity and basis of knowledge of persons supplying the information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. King,* 349 S.C. 142, 150, 561 S.E.2d 640, 644 (Ct.App.2002). "The affidavit must contain sufficient underlying facts and information upon which the magistrate may make a determination of probable cause. The magistrate should determine probable cause based on all of the information available to the magistrate at the time the warrant was issued." *State v. Dupree,* 354 S.C. 676, 684, 583 S.E.2d 437, 441 (Ct.App.2003) (citations omitted).

In discussing the specific requirements for issuing a search warrant, our supreme court has explained:

> The General Assembly has imposed stricter requirements than federal law for issuing a search warrant. Both the Fourth Amendment of the United States Constitution and Article I, § 10 of the South Carolina Constitution require an oath or affirmation before probable cause can be found by an officer of the court, and a search warrant issued. U.S. Const. amend. IV; S.C. Const. art. I, § 10. Additionally, the South Carolina Code mandates that a search warrant "shall be issued only upon affidavit sworn to before the magistrate, municipal judicial officer, or judge of a court of record...." S.C.Code Ann. § 17–13–140 (1985). Oral testimony may also be used in this state to supplement search warrant affidavits which are facially insufficient to establish probable cause. *See State v. Weston,* 329 S.C. 287, 494 S.E.2d 801 (1997). However, "sworn oral testimony, standing alone, does not satisfy the statute." *State v. McKnight,* 291 S.C. 110, 352 S.E.2d 471 (1987).

*State v. Jones,* 342 S.C. 121, 128, 536 S.E.2d 675, 678–79 (2000).

 In terms of a court's review of the magistrate's decision, "[t]he duty of the reviewing court is to ensure the issuing magistrate had a substantial basis upon which to conclude that probable cause existed." *State v. Baccus,* 367 S.C. 41, 50, 625 S.E.2d 216, 221 (2006). "In reviewing the validity of a warrant, an appellate court may consider only information brought to the magistrate's attention." *State v.*

*Thompson,* 363 S.C. 192, 200, 609 S.E.2d 556, 560 (Ct.App. 2005).

Reviewing this case within the above-outlined parameters, we find the affidavit and the supplemental oral testimony were insufficient to provide the magistrate with a substantial basis for which to find probable cause to issue the search warrant for Gentile's residence.

Although we are cognizant that our decision should be based on the totality of the circumstances, for analytical purposes we find it necessary to separately address each piece of evidence presented to the magistrate.

■ The narcotics officers' decision to investigate Gentile was precipitated primarily by the receipt of citizen complaints regarding a high volume of traffic at Gentile's residence. Even though the officers verified the pattern of traffic at Gentile's residence, this, without additional investigation into the residence, was not sufficient to establish that narcotics activity was taking place. *See State v. Hunt,* 150 N.C.App. 101, 562 S.E.2d 597, 601–02 (2002) (reversing trial court's decision denying defendant's motion to suppress drug evidence and stating "[a]ll that the affidavit offers are complaints from citizens suspicious of drug activity in a nearby house. There is no mention of anyone ever seeing drugs on the premises. The citizens only reported heavy vehicular traffic to the house. The officer verified the traffic. His verification, as the trial court found, was not a conclusion."); *Bailey v. Superior Court for County of Ventura (People),* 11 Cal. App.4th 1107, 15 Cal.Rptr.2d 17, 19–20 (1992) (finding information from an anonymous informer and an unidentified citizen regarding heavy foot traffic at defendant's residence, without investigation, was insufficient to establish probable cause for the issuance of a search warrant; stating " 'heavy foot traffic' does not necessarily engender criminal behavior. True, under certain circumstances, such activity might raise suspicions, or be one indicator of possible narcotics transactions.").

■ Next, we consider the single citizen claim that she smelled marijuana in the vicinity of Gentile's residence. Initially, we question whether the magistrate was privy to this information. Based on our review of the record, we are

unable to find where Bradley, the officer who obtained the warrant, testified regarding this information. Instead, the only reference to this tip was through the testimony of Corporal Jenkins. Furthermore, there is no mention in the affidavit regarding this tip. Therefore, it is questionable whether it was communicated to the magistrate.

Even if we conclude that Bradley communicated to the magistrate the citizen's tip, we find it was insufficient to establish probable cause. First, the tip is vague in that there is no indication of how many times the citizen may have smelled marijuana or that she could readily identify that the odor was emanating from Gentile's residence. Secondly, there was no indication that the citizen was knowledgeable about the smell or marijuana. Significantly, there was no independent verification by the narcotics officers regarding this tip.[2]

Finally, the arrest of one of Gentile's visitors did not support a finding of probable cause to search the residence.[3]

---

**2.** Because the narcotics officers did not verify the citizen tip regarding the odor of marijuana, we find the instant case distinguishable from *State v. Ford*, 71 N.C.App. 748, 323 S.E.2d 358 (1984), a case relied upon by the State at trial and on appeal. In *Ford*, the defendant was convicted of trafficking in marijuana based on a search of his residence which revealed 10,000 pounds of marijuana. On appeal, Ford challenged the trial court's denial of his motion to suppress the drug evidence on the ground the supporting affidavit failed to show sufficient probable cause to justify the issuance of the search warrant. *Id.* at 361. The North Carolina Court of Appeals affirmed the trial court's decision, finding that evidence presented to the magistrate regarding unusual traffic at a residence in conjunction with the surveillance officer's detection of marijuana odors coming from within a mobile home, which was identified as belonging to Ford, was sufficient to constitute probable cause. *Id.* at 361–62. In the instant case, unlike in *Ford*, the surveillance officers did not verify the citizen's vague claim regarding the smell of marijuana. Without further investigation by the narcotics officers, we do not believe the citizen's general claim was sufficient to establish probable cause.

**3.** At trial, the State relied on two cases decided by this court for the proposition that an arrest, which yields the presence of narcotics, is sufficient to establish probable cause for the issuance of a search warrant for the location of where the arrestee came from prior to the arrest. *See State v. Keith*, 356 S.C. 219, 225, 588 S.E.2d 145, 148 (Ct.App.2003) (affirming decision of trial court to admit drug evidence seized pursuant to a search warrant for defendant's residence where the following facts established probable cause: informants' tips regard-

According to the testimony and the affidavit, the officers discovered marijuana in the possession of the driver after he left Gentile's residence. The officers, however, had no knowledge of whether the driver purchased the marijuana from Gentile. Neither the driver nor his vehicle was searched prior to going to Gentile's residence. Furthermore, without surveillance within Gentile's residence, there was no verification that the driver in fact purchased marijuana from Gentile. Additionally, it is important to note that the officers' search of Gentile's residence revealed cocaine and not marijuana.

Based on the foregoing, we hold the search warrant was invalid under the totality of the circumstances, and thus, the circuit court judge erred in admitting the drug evidence.

We find support for our decision in the factually similar opinion of *People v. Titus*, 880 P.2d 148 (Colo.1994)(*en banc* ). In *Titus*, the defendant was charged with possession of marijuana with intent to distribute or sell and possession of marijuana. The drug evidence was discovered at Titus's residence pursuant to the execution of a search warrant. The Colorado Springs Police Department procured the warrant based on the following information: 1). a first-time anonymous informant alleged defendant was engaged in selling marijuana at his residence, there was unusual traffic at defendant's residence, and that she had smelled the odor of burning marijuana coming from the residence; 2). the informant gave police a list of the license plate numbers of those that visited

---

ing drug transactions at the defendant's home; surveillance by law enforcement; and a traffic stop of the defendant after leaving his residence which revealed the presence of a marijuana "bud" and a pipe in the defendant's vehicle); *State v. Scott*, 303 S.C. 360, 362–63, 400 S.E.2d 784, 785–86 (Ct.App.1991)(affirming defendant's convictions for trafficking in cocaine and unlawfully transporting drugs in a motor vehicle and finding affidavit in support of search warrant was sufficient to establish probable cause where affidavit was based on information from surveillance officers who followed defendant leaving his residence and ultimately arrested him and searched his vehicle which revealed the presence of twenty grams of cocaine).

These cases are clearly distinguishable from the instant case. In both *Keith* and *Scott*, the defendant was arrested and searched after leaving his residence. Here, Gentile was not arrested. Instead, the surveillance officers followed and arrested a third party. This person, a visitor at Gentile's residence who had not been searched prior to his arrival, was not a target of their surveillance.

the defendant's residence; 3). police officers' verification of the license plate numbers and the traffic at the defendant's residence; 4). an attempted controlled buy of narcotics from defendant; and 5). the fact that the defendant was self-employed and operated a telephone repair business out of his home.

Prior to trial, the court granted the defendant's motion to suppress the drug evidence found at his residence on the ground the affidavit underlying the search warrant did not establish probable cause. *Id.* at 149. The prosecution appealed the decision. On appeal, the Colorado Supreme Court, sitting *en banc*, affirmed the trial court's ruling. In reaching this decision the court found "the police had no indication, apart from the anonymous informant's suspicions and the police informant's conversation with Titus, that Titus was engaged in criminal activity." *Id.* at 151. In terms of the high volume of traffic at the defendant's residence, the court stated "[t]he fact that a large number of people visit a residence in a one-month period does not establish that illegal activity is taking place." The court also relied on the fact that there was nothing in the affidavit to suggest that "any of the [visiting] vehicles belonged to known drug offenders, or were used in the furtherance of any illegal activity." *Id.* Finally, the court rejected the prosecution's reliance on the anonymous informant's claims that she smelled the odor of burned marijuana coming from the defendant's residence on several occasions. *Id.* at 152. The court found that "[u]nder no circumstances do [the claims] support the conclusion that Titus was *selling* marijuana out of his home." *Id.* In reaching this conclusion, the court found significant the fact that:

> [t]he affidavit does not state the circumstances under which the informant smelled the odor of burned marijuana. Nor does it disclose how many times she smelled it. Most importantly, however, it does not disclose when these olfactory experiences took place. There is no indication that the police officer attempted to determine whether the informant had smelled marijuana burning recently, or whether the event was remote in time.

*Id.*

As in *Titus*, we find the warrant to search Gentile's home was not supported by probable cause. The narcotics

officers' decision to obtain the search warrant was based on citizens' tips regarding high volume traffic at Gentile's residence, which was not necessarily indicative of illegal activity at the residence. Additionally, the citizen claim regarding the smell of marijuana in the vicinity of Gentile's residence was vague and not corroborated by the officers' surveillance. Finally, as previously discussed, the officers' arrest of a visitor to Gentile's residence adds nothing to the probable cause determination. Without more, we find the evidence in the affidavit and the oral testimony was insufficient to support a finding of probable cause.

Accordingly, Gentile's convictions and sentences are

**REVERSED.**

HUFF and WILLIAMS, JJ., concur.