THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Jorge Carpio, Appellant.
 
 
 
 
 

Appeal from Aiken County
J. Ernest Kinard, Jr., Circuit Court Judge

Unpublished Opinion No. 2010-UP-108
 Submitted January 4, 2010  Filed February
8, 2010    

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, Assistant Attorney General Deborah R.J. Shupe, all
 of Columbia, and Solicitor Barbara R. Morgan, of Aiken, for Respondent. 
 
 
 

PER CURIAM:  Jorge
 Carpio appeals his convictions and sentences for armed robbery, attempted armed
 robbery, kidnapping, and possession of a firearm during the commission of a
 violent crime, arguing the trial court erred in denying his motion to suppress
 evidence obtained pursuant to a search warrant for his residence.  We affirm[1] pursuant to Rule 220(b)(2), SCACR,
 and the following authorities:  State
 v. Baccus, 367 S.C. 41, 48-49, 625
 S.E.2d 216, 220 (2006) ("The trial judge's factual findings on whether
 evidence should be suppressed due to a Fourth Amendment violation are reviewed
 for clear error."); State v. Gentile, 373 S.C. 506, 513, 646 S.E.2d
 171, 174 (Ct. App. 2007) ("[T]he duty of the reviewing court is to ensure
 the issuing magistrate had a substantial basis upon which to conclude that
 probable cause existed."); State v. Herring, Op. No. 26750 (S.C. Sup.Ct.
 filed Dec. 21, 2009) (Shearouse Adv.Sh. No. 55 at 48-49) (holding supporting
 affidavit that included description of the incident, the suspect, and other
 details provided sufficient probable cause to justify issuance of search
 warrant for defendant's residence).
AFFIRMED.
WILLIAMS,
 PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.