**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Bryant Kinloch, Respondent.

Appellate Case No. 2010-150606

––––––––––––––

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

––––––––––––––

Unpublished Opinion No. 2012-UP-432
Heard June 19, 2012 – Filed July 18, 2012

––––––––––––––

**AFFIRMED**

––––––––––––––

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor Scarlett A. Wilson, of Charleston, for Appellant.

Appellate Defender Kathrine H. Hudgins, of Columbia, for Respondent.

––––––––––––––

**PER CURIAM:** The State appeals the circuit court's decision to grant Bryant Kinloch's motion to suppress evidence discovered during the execution of a warrant to search his residence.  We affirm pursuant to Rule 220(b)(1), SCACR.

We find no clear error in the circuit court's determination that the search warrant was not supported by probable cause.  *See State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) (stating on review of a circuit court's ruling on a motion to suppress based on the Fourth Amendment, "[t]he appellate court will reverse only when there is clear error"); *State v. Gentile*, 373 S.C. 506, 514-16, 646 S.E.2d 171, 174-76 (Ct. App. 2007) (finding magistrate lacked a substantial basis for concluding probable cause existed, where information presented to magistrate did not adequately connect evidence of drug activity to respondent's residence).

The State's arguments regarding good-faith exceptions are not preserved.  *See State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (finding argument asserted on appeal unpreserved because it was not raised to and ruled upon by lower court).

We do not address the additional sustaining ground Kinloch raises.  *See State v. Bostick*, 392 S.C. 134, 139 n.4, 708 S.E.2d 774, 776 n.4 (2011) (declining to address issue because court's resolution of another issue was dispositive of the appeal).

**AFFIRMED**.

**FEW, C.J., and HUFF and SHORT, JJ., concur.**