**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Marcus Addison, Appellant.

Appellate Case No. 2011-185586

Appeal From Darlington County
Howard P. King, Circuit court Judge

Unpublished Opinion No. 2012-UP-577
Submitted September 3, 2012 – Filed October 24, 2012

**AFFIRMED**

Assistant Appellate Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for Respondent.

**PER CURIAM:** Marcus Addison appeals his convictions of trafficking in crack cocaine and two counts of contributing to the delinquency of a minor, arguing the trial court erred in denying his motion to suppress the drugs found at his residence because the magistrate did not have a substantial basis to conclude that probable cause existed to issue a search warrant. We affirm,[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gentile*, 373 S.C. 506, 513, 646 S.E.2d 171, 174 (Ct. App. 2007) (noting that a court reviewing a magistrate's decision to issue a search warrant has the duty "to ensure the issuing magistrate had a substantial basis upon which to conclude that probable cause existed" (internal quotation marks and citation omitted)); *id.* at 512, 646 S.E.2d at 174 ("A magistrate may issue a search warrant only upon a finding of probable cause."); *id.* at 512-13, 646 S.E.2d at 174 ("This determination requires the magistrate to make a practical, common-sense decision of whether, given the totality of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying the information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (internal quotation marks and citation omitted)); *State v. Dupree*, 354 S.C. 676, 683, 583 S.E.2d 437, 441 (Ct. App. 2003) ("The term 'probable cause' does not import absolute certainty. Rather, in determining whether a search warrant should be issued, magistrates are concerned with probabilities and not certainties." (citations omitted)); *State v. Rutledge*, 373 S.C. 312, 317, 644 S.E.2d 789, 792 (Ct. App. 2007) ("Oral testimony may be used to supplement search warrant affidavits.").

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.