**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

State of South Carolina, Respondent,

v.

Fritz Allen Timmons, Appellant.

Appellate Case No. 2013-001415

-----

Appeal From Chesterfield County
J. Michael Baxley, Circuit Court Judge

-----

Unpublished Opinion No. 2016-UP-039
Submitted November 1, 2015 – Filed January 20, 2016

-----

**AFFIRMED**

-----

Fritz Allen Timmons, of Hartsville, pro se.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

-----

**PER CURIAM:** Fritz Allen Timmons appeals a circuit court order dismissing his appeal from a magistrate's court order finding him guilty of ten animal abandonment and neglect offenses. Among an array of other raised issues, Timmons argues the circuit and magistrate's courts erred in finding probable cause

existed to support the issuance of a search warrant for his property.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to whether probable cause existed to support the issuance of the search warrant: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Kinloch*, 410 S.C. 612, 617, 767 S.E.2d 153, 155 (2014) ("In reviewing a magistrate's probable cause determination, [the circuit court] must determine whether the issuing magistrate had a substantial basis upon which to conclude that probable cause existed."); *State v. Jones*, 342 S.C. 121, 126, 536 S.E.2d 675, 678 (2000) (providing this court must give great deference to a magistrate's court's determination of probable cause); *Kinloch*, 410 S.C. at 617, 767 S.E.2d at 155 ("A warrant is supported by probable cause if, given the totality of the circumstances set forth in the affidavit, there is a fair probability that . . . evidence of a crime will be found in a particular place.").

As to Timmons's remaining issues on appeal:  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.