**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Derrick Jermaine Ancrum, Appellant.

Appellate Case No. 2018-000586

Appeal From Charleston County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2021-UP-017
Submitted November 1, 2020 – Filed January 27, 2021

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Derrick Jermaine Ancrum appeals his convictions for trafficking cocaine, trafficking crack cocaine, and manufacturing crack cocaine. On appeal,

Ancrum argues the trial court erred in denying his motion to suppress evidence seized during the execution of a search warrant because the affidavit in support of the search warrant failed to set forth a substantial basis for probable cause.

The affidavit provided the following information: Detective Leon Forrest, an undercover officer, solicited Bernard Barnwell for crack cocaine; Barnwell informed Detective Forrest he could acquire crack cocaine; in Detective Forrest's presence, Barnwell called an unknown individual and inquired about crack cocaine; Detective Forrest overheard the conversation and heard the unknown individual confirm he had crack cocaine; Barnwell ended the call and left to retrieve the crack cocaine; Detective Patrick Gill, who was working in conjunction with Detective Forrest and Detective Jason Scurry, observed Barnwell participate in what appeared to be a hand-to-hand exchange with an unidentified individual in the front doorway of a residence; and after the exchange, Barnwell immediately returned to Detective Forrest and gave him crack cocaine. Because the affidavit contained sufficient underlying facts for the magistrate court to determine probable cause existed, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dupree*, 354 S.C. 676, 683, 583 S.E.2d 437, 441 (Ct. App. 2003) ("An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding probable cause existed."); *State v. Jones*, 342 S.C. 121, 126, 536 S.E.2d 675, 678 (2000) ("When reviewing a magistrate's decision to issue a search warrant, [an appellate court] must consider the totality of the circumstances."); *State v. Weston*, 329 S.C. 287, 290, 494 S.E.2d 801, 802 (1997) ("A reviewing court should give great deference to a magistrate's determination of probable cause."); *State v. Baccus*, 367 S.C. 41, 50, 625 S.E.2d 216, 221 (2006) (determining a warrant is supported by probable cause if, given the totality of the circumstances set forth in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place" (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983))); *Dupree*, 354 S.C. at 684, 583 S.E.2d at 441 ("The affidavit must contain sufficient underlying facts and information upon which the magistrate may make a determination of probable cause. The magistrate should determine probable cause based on all of the information available to the magistrate at the time the warrant was issued." (citation omitted)); *State v. Gentile*, 373 S.C. 506, 514-16, 646 S.E.2d 171, 175-76 (Ct. App. 2007) (holding a search warrant affidavit and a police officer's supplemental testimony were insufficient to establish probable cause because the officer did not conduct an additional investigation after verifying civilian complaints and was unable to verify whether a visitor to the residence had drugs on his person before entering the residence); *State v. Philpot*, 317 S.C. 458, 461, 454 S.E.2d 905, 907 (Ct. App. 1995) (holding a search warrant affidavit was

not supported by probable cause because the officer had no first-hand knowledge and the officer did not show the confidential informant was reliable).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.