# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Kelvin Jones, Petitioner.

Appellate Case No. 2020-000653

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal from Aiken County
R. Lawton McIntosh, Circuit Court Judge

———————

Opinion No. 28074
Heard September 22, 2021 – Filed December 8, 2021

———————

## AFFIRMED IN RESULT

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant
Deputy Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

———————

**JUSTICE HEARN:** In this case, we revisit and refine our preservation rules in the
context of pretrial criminal hearings. Arguing that a drug raid of his home violated
the Fourth Amendment, Petitioner Kelvin Jones appeals his convictions for
trafficking cocaine and possession with intent to distribute cocaine within the

proximity of a school. Jones's pretrial motion to suppress was denied and he was convicted following a jury trial. The court of appeals affirmed on the basis the issue was not preserved for appellate review.[1] We hold Jones's argument as to the search warrant is preserved but fails on the merits. Accordingly, we affirm in result the court of appeals' opinion and take this opportunity to clarify our issue preservation rules with respect to pre-trial rulings of constitutional dimension.

## FACTUAL/PROCEDURAL BACKGROUND

The investigation into Jones began in April of 2010 when police received complaints of "short-term traffic" frequenting his home on Morgan Street in Aiken. Acting on these tips, the Aiken Department of Public Works was enlisted to conduct a trash pull at Jones's residence. Jones's garbage was collected on its regular trash day and transmitted to the police to be searched. Several items tending to show criminal activity were discovered: twisted and torn baggies, emptied cigar tubes for marijuana use, and burnt remains of cigars that contained leafy green materials that were subsequently confirmed to be marijuana. Based on this evidence, investigators then obtained a search warrant from a magistrate.

Prior to executing the warrant, investigators conducted surveillance from an undercover vehicle parked across the street from Jones's residence. Marty Sawyer, a Captain with the Aiken Department of Public Safety, watched as a man named Ricky Lloyd walked to the door, knocked, and left upon hearing no reply. A few minutes later, Jones and a few others, including Lloyd, approached the residence and went inside together. Jones entered, wearing a heavy blue backpack. Soon thereafter, investigators executed the warrant by breaching the home after announcing their presence. Once inside, investigators seized over a kilogram of cocaine, a pickle jar containing marijuana, more than $5,000 of cash in mostly $20 bills, a Smith & Wesson handgun, and a small amount of ecstasy.[2]

---

[1] The court of appeals also decided the case on three ancillary grounds, but this Court only granted certiorari as to issue preservation.

[2] When investigators entered the residence, the blue backpack containing cocaine was found under the couch and Lloyd was discovered attempting to flush his cocaine down the toilet.

At a preliminary hearing, Judge Dickson heard arguments on two defense motions—a motion for change of venue which was granted[3] and a motion to suppress the contents of the search based on an alleged violation of the Fourth Amendment. The circuit court judge disagreed, upholding the search warrant as proper.

The case was subsequently transferred to Dorchester County, where Judge McIntosh presided over the trial. Jones pled guilty to the possession of ecstasy charge and proceeded to trial for the remaining charges of trafficking cocaine and possession of cocaine with intent to distribute within the proximity of a school.

Immediately prior to trial, Jones's counsel renewed his objections to the denial of the motion to suppress by stating, "as you're aware, we will be renewing our objection . . . especially as it relates to the suppression issue." A new suppression hearing was not conducted and the trial judge stated he would "uphold" the prior ruling. During trial, Jones's counsel inconsistently objected to evidence recovered during the raid.[4] At the close of the State's case, Jones's counsel again renewed his objections, which were denied by the trial judge. The jury then convicted Jones of both charges, and the trial court sentenced him to the mandatory minimum of 25 years for the trafficking charge, 10 years on the possession with intent to distribute within the proximity of a school charge, and one year for the possession of ecstasy charge, all to be served concurrently. The court of appeals affirmed in an unpublished decision, holding Jones's objections to the search were not preserved for appellate review. This Court granted Jones's petition for certiorari on the issue of error preservation, and the parties briefed both that issue and the merits of the search.

---

[3] Coincidentally, the Solicitor for the Second Circuit, Strom Thurmond, Jr., and one of his assistant solicitors were on a "ride along" with Sawyer when the search occurred.

[4] For example, just before the jury was seated, Jones's counsel renewed his objections to the raid evidence. However, during Officer Sawyer's direct examination, Jones's counsel did not object to testimony about this same raid and the evidence gathered during it. Jones's counsel did not object when the drugs, money, and gun were admitted into evidence, but mentioned his objection again at the close of all the evidence.

## STANDARD OF REVIEW

As to the validity of a search warrant, we have noted that "[a] magistrate's determination of probable cause to search is entitled to substantial deference…on review." *State v. Crane*, 296 S.C. 336, 339, 372 S.E.2d 587, 588 (1988). We reverse the denial of a motion to suppress, only upon a finding of clear error. *State v. Adams*, 409 S.C. 641, 647, 763 S.E.2d 341, 344 (2014).

## LAW/ANALYSIS

In order for an issue to be preserved for appellate review, a party must make a "contemporaneous objection that is ruled upon by the trial court." *State v. Sweet*, 374 S.C. 1, 5, 647 S.E.2d 202, 205 (2007). If an evidentiary ruling is pretrial, a contemporaneous objection must be raised during trial when the evidence is admitted, whereas a party need not renew an objection if the decision is final. *See State v. Wiles*, 383 S.C. 151, 156, 679 S.E.2d 172, 175 (2009). However, there is a practical exception to this requirement when a judge makes an evidentiary ruling on the record immediately prior to the introduction of evidence. *Id.* at 156, 679 S.E.2d at 175. The rationale supporting this exception is that if no evidence is offered between the initial objection and the admission of the evidence, then there is no basis for the trial court to change its initial ruling. *See also State v. Mueller*, 319 S.C. 266, 268, 460 S.E.2d 409, 410 (Ct. App. 1995) (holding that pretrial motions are generally not final orders because "the evidence developed during trial may warrant a change in the ruling"). While *Mueller* remains good law, we believe a different approach is warranted where a court rules after a hearing on a constitutional issue. Under those circumstances, the ruling is final and, unless something changes during trial that may reasonably cause the trial judge to alter the pretrial ruling, no further objection is required to preserve the issue for appellate review.

Here, the pretrial evidentiary ruling was rendered following a full hearing on Jones's motion to suppress. Both sides submitted briefs, presented testimony to the court, and argued their respective positions. Just before trial, although defense counsel noted his continuing disagreement with the prior denial of his motion to suppress, no new hearing was held, and, during trial, no new facts arose which would have justified another hearing on the matter. While there is no question the trial judge could have changed the prior ruling on the motion to suppress based upon new matter coming to light, requiring attorneys to continue to object when a ruling is clearly final would not serve the purpose of our rules of preservation; rather, it would merely foster a game of "gotcha," where form is elevated over substance. *See* Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 183 (3rd ed. 2016); *Atl. Coast*

*Builders v. Lewis*, 398 S.C. 323, 333, 730 S.E.2d 282, 287 (2012) (Toal, C.J., dissenting); and *Singh v. Singh*, 434 S.C. 223, 226 n.7, 863 S.E.2d 330, 334 n.7 (2021). Preservation rules are intended to ensure that appellate courts review considered decisions of our trial courts and that issues are not being raised for the first time on appeal. *See Wilder Corp. v. Wilkie*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). Their purpose is not to sabotage attorneys' efforts to bring issues before the appellate courts, particularly where, as here, it was clear to all concerned that Jones's counsel continued to object to the denial of his motion to suppress. Therefore, we hold that Jones's objection to the denial of his motion to suppress was preserved for appellate review.

In the interest of judicial economy and because both sides briefed the issue of the viability of the search warrant, we now proceed to the merits. Being faithful to our deferential standard, we affirm the circuit court's decision to uphold the search warrant.

In order for a search to violate the Fourth Amendment, it must be an arbitrary invasion by government actors. *See Camara v. Mun. Ct. of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967). "The touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). For a search to be unreasonable, generally it must lack probable cause. *See State v. Baccus*, 367 S.C. 41, 50, 625 S.E.2d 216, 221 (2006). Further, "[p]robable cause, we have often told litigants, is not a high bar . . . ." *See Kaley v. United States*, 571 U.S. 320, 338 (2014) (explaining further that probable cause is defined as a "fair probability" upon which "reasonable and prudent people . . . act").

In *State v. Kinloch*, this Court held that short-term traffic and subsequent surveillance constituted probable cause for the issuance of a warrant. *See* 410 S.C. 612, 618, 767 S.E.2d 153, 156 (2014). Similarly, in *State v. Rutledge*, the court of appeals affirmed the magistrate's probable cause finding after reviewing a tip of drug sales combined with a trash pull that yielded marijuana. *See* 373 S.C. 312, 315, 644 S.E.2d 789, 791 (Ct. App. 2007). Even if distinguishable, the facts of Jones's case are *more* supportive of a probable cause finding, not less. Not only did the trash pull at Jones's home yield marijuana residue, but also baggies indicative of narcotics resale, which was consistent with and corroborated by the tips of short-term traffic. Thus, the magistrate's issuance of the search warrant was supported by probable case.

Accordingly, we **AFFIRM IN RESULT.**

**BEATTY, C.J., KITTREDGE, FEW and JAMES, JJ., concur.**