**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alexander Rhue, Jr., Appellant.

Appellate Case No. 2021-001306

———————

Appeal From Georgetown County
Robert J. Bonds, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-263
Heard June 6, 2024 – Filed July 17, 2024

———————

**AFFIRMED**

———————

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody J. Brown, all of Columbia, and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** Alexander Rhue, Jr. appeals his convictions for the murder of Leon Harrison, Jr. (Victim) and obstruction of justice, arguing the trial court erred

in failing to suppress evidence obtained pursuant to a search warrant for lack of probable cause.  We affirm.

Viewing the totality of the circumstances, with deference to the magistrate, we agree sufficient probable cause supported the issuance of the third search warrant. *See State v. Frasier*, 437 S.C. 625, 633, 879 S.E.2d 762, 766 (2022) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis."); *id.* at 633–34, 879 S.E.2d at 766 (providing that under this "dual inquiry," an appellate court will "review the trial court's factual findings for any evidentiary support" and any questions of law de novo); *State v. Crummey*, Op. No. 6059 (S.C. Ct. App. filed May 8, 2024) (Howard Adv. Sh. No. 17 at 23) (noting appellate courts defer to a magistrate's determination of whether probable cause existed to support issuance of a search warrant).  Extracting the illegally obtained evidence from the two prior searches, the third warrant provides that a decomposed body identified as Victim was found bound by speaker wire in the Black River, with the last place Victim was seen being the Rhue residence.  *See State v. Kinloch*, 410 S.C. 612, 617, 767 S.E.2d 153, 155 (2014) ("A warrant is supported by probable cause if, given the totality of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place."); *Crummey*, Op. No. 6059 (S.C. Ct. App. filed May 8, 2024) (Howard Adv. Sh. No. 17 at 23) (providing that "magistrates are concerned with probabilities and not certainties" when determining whether the issuance of a search warrant is appropriate (quoting *State v. Dupree*, 354 S.C. 676, 683, 583 S.E.2d 437, 441 (Ct. App. 2003))).  Considering the body's state of decomposition, the evidence of homicidal activity, and that the Rhue residence was the last place Victim was seen alive before the recovery of his remains and his last known residence, it is logical that police would seek to search the premises as part of the ensuing homicide investigation.  Indeed, authorities would have been remiss *not* to search the last place Victim was seen alive.

Furthermore, we hold the trial court properly found evidence seized by authorities during the first and second search warrants of the Rhue residence would have been inevitably discovered and therefore exclusion was unnecessary.  *See State v. Moore*, 429 S.C. 465, 478–79, 839 S.E.2d 882, 889 (2020) ("The 'fruit of the poisonous tree' doctrine provides that evidence must be excluded if it would not have come to light but for the illegal actions of the police, and the evidence has been obtained by the exploitation of that illegality." (quoting *State v. Copeland*, 321 S.C. 318, 323, 468 S.E.2d 620, 624 (1996))).  From reviewing the record, it is evident that investigators would have discovered the carpet and blood stain evidence when executing the third warrant in furtherance of a homicide

investigation; the only difference being such seizures would be permitted within the scope of that warrant. *See id.* at 481, 839 S.E.2d at 890 (providing that under the inevitable discovery doctrine, "illegally obtained information may nevertheless be admissible if the prosecution can establish by a preponderance of the evidence that the information would have *ultimately been discovered by lawful means*" (quoting *State v. Cardwell*, 425 S.C. 595, 601, 824 S.E.2d 451, 454 (2019) (emphasis added))). Thus, the trial court properly admitted the evidence seized from all three search warrants.

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**