**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Justin Kennedy, Appellant.

Appellate Case No. 2022-001293

---

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-095
Submitted February 1, 2025 – Filed March 19, 2025

---

**AFFIRMED**

---

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

---

**PER CURIAM:** Michael Justin Kennedy appeals his convictions for trafficking methamphetamine, trafficking heroin, possession with intent to distribute a controlled substance, and possession of a weapon during the commission of a

violent crime; and his sentence of twenty-five years' imprisonment. On appeal, Kennedy argues the trial court erred when it refused to suppress evidence discovered at his apartment during the execution of a search warrant because the warrant lacked probable cause in violation of the Fourth Amendment of the U.S. Constitution. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err by refusing to suppress the evidence discovered at Kennedy's apartment. Under the totality of the circumstances, there was sufficient information in the affidavit to support a finding of probable cause to search Kennedy's apartment for drugs because (1) a nexus existed between the initial tip from the confidential informant (CI) and Kennedy's apartment and (2) the controlled buy corroborated the CI's tip and credibility. *See State v. Frasier*, 437 S.C. 625, 633-34, 879 S.E.2d 762, 766 (2022) (explaining an appellate court reviews the trial court's factual findings regarding a motion to suppress based on the Fourth Amendment "for any evidentiary support, but the ultimate legal conclusion . . . is a question of law subject to de novo review"); *State v. Davis*, 354 S.C. 348, 355, 580 S.E.2d 778, 782 (Ct. App. 2003) (stating "a reviewing court should give great deference to a magistrate's determination of probable cause"); *State v. Kinloch*, 410 S.C. 612, 616, 767 S.E.2d 153, 155 (2014) ("A search or seizure does not violate the Fourth Amendment if it is authorized by a warrant that is supported by probable cause."); *State v. Corns*, 310 S.C. 546, 550, 426 S.E.2d 324, 326 (Ct. App. 1992) ("[A] probable cause affidavit must state facts so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time."); *State v. Dupree*, 354 S.C. 676, 690, 583 S.E.2d 437, 444 (Ct. App. 2003) (stating that "[w]here the affidavit is based in part on information provided by an informant of unknown reliability, police corroboration of details provided in the tip may establish probable cause"); *id.* at 685, 583 S.E.2d at 442 ("The magistrate's task in determining whether to issue a search warrant is to make a practical, common sense decision concerning whether, under the totality of the circumstances set forth in the affidavit, . . . there is a fair probability that contraband or evidence of a crime will be found in the particular place to be searched."); *State v. Thompson*, 419 S.C. 250, 257, 797 S.E.2d 716, 719 (2017) ("In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, *but whether it is reasonable to believe that the items to be seized will be found in the place to be searched*."); *State v. Scott*, 303 S.C. 360, 362, 400 S.E.2d 784, 786 (Ct. App. 1991) ("Based on the totality of the circumstances outlined in the affidavit and considering the nature of the evidence sought and the type of offense involved, the magistrate . . . made a practical, common sense decision that a fair probability

existed that additional evidence regarding [the defendant's] drug activities could be found in [the defendant's] home.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.